UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL SANCHEZ, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>US HELP UNION, LLC D/B/A INSUREUS,<br>Defendant. | No. 2:25-cv-2913 DAD AC<br><br>ORDER |

Before the court is a motion by defendant US Help Union, LLC d/b/a InsureUS ("US Help Union") to stay discovery pending the district judge's decision on its pending motion to dismiss and to compel arbitration (ECF No. 10). ECF No. 21. The parties filed the required joint statement. ECF No. 23. The parties also filed additional briefing (ECF No. 21, 24, 25) which the court will not consider. The Local Rules and the undersigned's Standing Orders limit argument to the joint statement unless a party is granted leave of court to file additional briefing, and the parties did not have leave of court to file additional briefing in this case. For the reasons below, the court GRANTS the motion to stay discovery.

## I. INTRODUCTION

A. Operative Complaint

This case proceeds on the First Amended Complaint, ECF No. 8. Plaintiff Rachel

Sanchez brings this putative class action against US Help Union to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF No. 8 at 2. Pursuant to the complaint, defendant purchases consumer lead information from SharpCoverage, a third party lead generator website. Id. at 4. Defendant purchased plaintiff's lead information, including her residential telephone number from SharpCoverage after plaintiff visited SharpCoverage's website on or about March 18, 2025. Id. At the time of her visit to the SharpCoverage website, plaintiff did not provide her express written consent to defendant to receive defendant's telemarketing text messages on her residential cellular telephone. Id.

Beginning at least on or about March 18, 2025, the defendant sent or caused to be sent multiple telemarketing text messages to plaintiff's 1104 Number, from defendant´s telephone number 62588. Id. at 5. Specifically, Defendant sent telemarketing text messages to Plaintiff on March 18, 2025 , March 19, 2025, March 20, 2025, March 24, 2025, March 25, 2025, March 26, 2025, and continued to send messages up through at least April 2025. Id. Plaintiff registered her 1104 Number with the national do-not-call registry on July 12, 2019, and has been registered at all times relevant to this action. Id. at 8. Plaintiff asserts defendant sought a financial benefit from the telemarketing text messages it placed to plaintiff and the putative class members, as it attempted to derive business from these messages. Id.

B. Procedural History

Plaintiff commenced this action on October 9, 2025, and filed a First Amended Complaint on December 10, 2025. ECF Nos. 1, 8. Defendant filed a motion to dismiss and compel arbitration on December 23, 2025, with a hearing date of February 2, 2026. ECF No. 10. The motion is fully briefed and was submitted. ECF Nos. 13, 15, 16. The motion remains pending before the District Judge. On January 26, 2026, the parties filed a Joint Status Report. ECF No. 17. In the joint statement, defendant asserted that the court should stay discovery pending a determination on the motion to dismiss and compel arbitration. ECF No. 17 at 4-5. The District Judge, having considered the Joint Status Report, declined to issue a case schedule and vacated the initial scheduling conference, but did not address the issue of discovery. ECF No. 19. On May 18, 2026, defendant filed the pending motion to stay discovery. ECF No. 21.

## II. LEGAL STANDARDS

A district court exercises "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). It has similarly broad discretion to stay proceedings as an incident to its power to control its docket. See Clinton v. Jones, 520 U.S. 681, 706 (1997); see also Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005) (power to stay proceedings is incidental to court's inherent power to control cases with economy for itself, counsel, and litigants). The ordinary course of litigation is for discovery to proceed in the face of a pending dispositive motion. Courts disfavor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." Salazar v. Honest Tea, Inc., No. 2:13-cv-02318 KJM EFB, 2015 WL 6537813, at *1, 2015 U.S. Dist. LEXIS 146357 at *4 (E.D. Cal. 2015) (citation omitted). However, a stay of discovery pending resolution of a potentially dispositive motion may further the goal of efficiency for the courts and the litigants. See, e.g., Little, 863 F.2d at 685.

Courts in the Ninth Circuit rely heavily on two factors to determine if delaying discovery is appropriate: (1) whether the pending motion is potentially dispositive of the case, or at least would render unnecessary the discovery at issue; and (2) whether the pending motion can be decided absent additional discovery. Salazar, 2015 WL 6537813, at *1, 2015 U.S. Dist. LEXIS 146357 at *4. The first prong is not satisfied if disposition of the motion would likely involve leave to amend. See, e.g., Mlejnecky v. Olympus Imaging Am., Inc., Case No. 2:10–cv–02630 JAM KJN, 2011 WL 489743 at *9, 2011 U.S. Dist. LEXIS 16128 at *32 (E.D. Cal. Feb. 7, 2011) (finding a pending motion to dismiss not dispositive of the case where the Magistrate Judge anticipated that, even if the motion were granted, the District Judge would grant leave to amend). "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." Yamasaki v. Zicam LLC, No. 21-cv-0259 HSG, 2021 WL 3675214 at *1, 2021 U.S. Dist. LEXIS 157156 at *4 (N.D. Cal. Aug. 19, 2021) (citation omitted).

Other factors which may influence the court's exercise of its discretion include "[t]he type of motion and whether it is a challenge as a matter of law or the sufficiency of the allegations; the

nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of the discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances." Skellerup Industries Limited v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (citation and quotation omitted). In sum, courts weigh the potential negative consequences of delay against the possibility that the motion will be granted and eliminate the need for the discovery. Salazar, 2015 WL 6537813 at *1, 2015 U.S. Dist. LEXIS 146357 at *4 (citations omitted).

## III. DISCUSSION

For the reasons that follow, both prongs of the two-part test are satisfied. In general, a motion to compel arbitration may be dispositive of a case and therefore justify a stay. See Williams v. Experian, Case No. CV-23-01076-PHX-DWL, 2024 WL 73396767 at *3, 2024 U.S. Dist. LEXIS 31078 at *9-10 (D. Ariz. Fed. 23, 2024). Having taken a limited "preliminary peek" at the motions to compel arbitration in this case, the undersigned finds that they are "sufficiently meritorious for a finding that the motions are potentially dispositive of the case." Stavrianoudakis v. U.S. Dep't of Fish & Wildlife, No. 1:18-CV-01505 LJO BAM, 2019 U.S. Dist. LEXIS 219337, 2019 WL 9667685, at *3 (E.D. Cal. Dec. 20, 2019). The motion seeks arbitration of all plaintiffs' claims, not a limited subset of claims. And unlike a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, granting of the motions to compel arbitration could not include leave to amend—or otherwise leave matters open in this court for active litigation. Accordingly, the motion if granted would be fully dispositive.

As for the second part of the test, the motion to compel arbitration has been fully briefed and submitted for decision. No party has indicated that further discovery is needed for resolution of the motion. Accordingly, application of the two-part test supports a stay of discovery pending resolution of the motions to compel arbitration. See Trucmai Huynh, supra (granting stay of discovery pending resolution of motion to compel arbitration); Zamudio v. Aerotek, Inc., No. 1:21-cv-1673 JLT CDB, 2024 U.S. Dist. LEXIS 35427, 2024 WL 863715 (E.D. Cal. 2024 (same); Garcia v. Experian Info. Sols., Inc., 2024 U.S. Dist. LEXIS 44638, 2024 WL 1117912

(N.D. Cal. 2024) (same); Ferrell v. Appfolio, Inc., 2024 U.S. Dist. LEXIS 4049, 2024 WL 132223 (C.D. Cal 2024 (same); Nguyen v. BMW of N. Am., LLC, 2021 U.S. Dist. LEXIS 105585, 2021 WL 2284113 (S.D. Cal. 2021) (same).

In further support of this conclusion, the court notes that the other relevant case factors weigh on balance neutrally or in favor of a stay. The case is at an early stage; although a putative class action, it is not complex; further, the potential negative consequences of a stay are counterbalanced by the efficiencies. See Skellerup, 163 F.R.D. at 601. The court finds any prejudice to plaintiff to be outweighed by the factors supporting a stay, especially the possibility that the motions will be granted and eliminate the need for the discovery. See Salazar, 2015 U.S. Dist. LEXIS 146357 at *4.

For all these reasons, defendant's motion to stay discovery (ECF No. 21) is GRANTED and discovery is STAYED.

DATED: July 21, 2026

Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE